**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KEVIN P. TILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1972 (SLS) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Kevin P. Tilley ("Tilley") respectfully requests leave to file the attached four-page sur-reply in support of his opposition to Defendant Federal Bureau of Investigation's ("FBI") motion to dismiss. The purpose of this sur-reply is to reply to one new argument that was raised in the FBI's reply to Tilley's opposition to the motion to dismiss. The FBI has graciously agreed not to oppose this motion for leave to file.

"The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). "The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Flynn v. Veazey Const. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004) (citation omitted). "If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Id.* (citations omitted). "In exercising its

1

discretion, the court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012).

In Count Three of Tilley's complaint, he claims that the FBI's suspension of his security clearance violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(2)(A),(B),(D). ECF Doc. 1 ¶¶ 125–26. In its motion to dismiss, the FBI specifically argued that the APA claim in Count Three, as well as Tilley's ultra vires claims, were barred by the Civil Service Reform Act. ECF Doc. 11 at 18–21. Tilley responded to that argument in his opposition. ECF Doc. 13-1 at 21–25. However, in Section VI of its reply, the FBI raised for the first time the argument that the APA does not provide a vehicle for security clearance suspension or revocation review, specifically that such review is committed to agency discretion by law, and the executive order and regulations cited by Tilley do not allow review under the APA. ECF Doc. 15 at 11–13. Because that argument had not been raised in the FBI's motion to dismiss, Tilley had not addressed it in his opposition.

Tilley's sur-reply would be helpful to the resolution of the pending motion, because it would provide greater insight into the important legal issue about the extent of APA review raised by the FBI in its reply. The FBI would not be prejudiced, since the four-page sur-reply only responds to that issue and raises no new arguments or facts.

Therefore, Tilley respectfully requests this Court grant his motion for leave to file a sur-reply to address the single new argument raised by the FBI in its reply. A proposed sur-reply is attached as an exhibit to this motion.

Dated: April 29, 2026                                    Respectfully Submitted,

                                                         */s/ Michael S. Zummer*
                                                         Michael S. Zummer
                                                         (Bar ID LA0013/La. Bar No. 31375)
                                                         2337 Magazine St. Unit D
                                                         New Orleans, LA 70130
                                                         Telephone: (504) 717-5913
                                                         E-mail: afbilitigation@gmail.com
                                                         *Counsel for Plaintiff*