**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KEVIN P. TILLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 25-1972 (SLS) |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**PLAINTIFF'S SUR-REPLY IN SUPPORT OF OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS**

Plaintiff Kevin P. Tilley ("Tilley") respectfully submits this sur-reply in support of his opposition to Defendant Federal Bureau of Investigation's ("FBI") motion to dismiss. In Section VI of its reply to Tilley's opposition to the FBI's motion to dismiss, the FBI raised for the first time the argument that the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(2)(A),(B),(D), does not provide a vehicle for security clearance suspension or revocation review, specifically that such review is committed to agency discretion by law, and the executive order and regulations cited by Tilley do not allow review under the APA. ECF Doc. 15 at 11–13.

As an initial matter, Tilley is not challenging a security clearance revocation, because the FBI has taken no action to revoke his clearance. It has only suspended his clearance and that is the only matter related to his clearance at issue.

Tilley does not dispute that the merits of a security clearance revocation decision—or the decision to grant or deny access to classified material—are committed to agency discretion by law. However, the FBI cannot violate the regulations imposed on it by the President and the Department

1

of Justice ("DOJ") in making revocation decisions or otherwise removing a clearance through a suspension that has no basis in those regulations. This is consistent with the cases cited by the FBI. In *Oryszak v. Sullivan*, a Secret Service agent challenged the revocation of her security clearance under the APA as "arbitrary, capricious, and an abuse of discretion for want of evidence she had passed [counterfeit] currency knowingly." 576 F.3d 522, 524 (D.C. Cir. 2009). She challenged the merits of the security clearance determination, not a procedural violation of regulations, and the D.C. Circuit held that it was a decision committed to agency discretion. *Id.* In *Dorfmont v. Brown*, the plaintiff challenged the merits of her security clearance revocation after she had received a full process, including a hearing and an appeal in which error was found in the initial hearing resulting in a remand. 913 F.2d 1399, 1400 (9th Cir. 1990). The basis for her revocation was sending data on a U.S. defense contract in 1984 to a Bulgarian national serving a life sentence for attempted hijacking. *Id.*

One of the cases relied on by the FBI explains that courts may review regulatory violations in security clearance decisions, but not the merits of a security clearance decision. In *Chesna v. U.S. Dep't of Def.*, the court observed, "[t]he Supreme Court has held that federal courts have jurisdiction over claims based on an agency's alleged failure to comply with its own regulations." 822 F. Supp. 90, 95 (D. Conn. 1993) (citing *Webster v. Doe*, 486 U.S. 592, 602 n.7 (1988); *Service v. Dulles*, 354 U.S. 363 (1957)). "At the same time, courts have generally held that they lack jurisdiction over claims based on violations of an agency's regulations where those claims require, in effect, a review of the merits of a security-clearance decision." *Id.* This is consistent with the Supreme Court's decision in *Service v. Dulles*, that a foreign service officer's removal was invalid because the State Department failed to follow its own regulations. 354 U.S. 363, 382, 388–89 (1957).

Such review of procedural violations in security clearance processes has been uncontroversial in the Federal Circuit. That court noted that "the government in [*Dep't of Navy v. Egan*, 484 U.S. 518 (1988)] itself acknowledged that the [Merit Systems Protection Board ("MSPB")] may review whether the agency has complied with its procedures for revoking a security clearance, even though it may not review the substance of the revocation decision." *Romero v. Dep't of Def.*, 527 F.3d 1324, 1329 (Fed. Cir. 2008). Thus, the MSPB and, ultimately, the Federal Circuit review such claims, and such violations of regulations are not committed to an agency's discretion as a matter of law.

Tilley agrees with the FBI that the procedural protections in Executive Order No. 12,968 § 5.2, 60 Fed. Reg. 40252 (Aug. 7, 1995) are generally not reviewable under the APA. The no-review provision at § 7.2(e), 60 Fed. Reg. 40254, precludes direct judicial review. *See Meyer v. Bush*, 981 F.2d 1288, 1296 n.8 (D.C. Cir. 1993). However, the provisions of that order have been incorporated into the C.F.R. by DOJ. 28 C.F.R. § 17.2(a). While a President's actions are not reviewable under the APA, an agency's actions are. Incorporating the Executive Order's provisions into the C.F.R. subjects them to the same review as other regulations. Furthermore, even if the procedural protections of Executive Order No. 12,968 were not reviewable, the similar procedural protections at 28 C.F.R. § 17.47 are.

The FBI mistakenly takes the position that 28 C.F.R. § 17.2(d)—declaring that the regulation "does not, and is not intended to, create any right to judicial review"—has the same effect as the similar provision in Executive Order No. 12,968 § 7.2(e). It relies on the provision in the APA that the Act applies to agency action except to the extent that "*statutes* preclude judicial review." 5 U.S.C. § 701(a)(1) (emphasis added). However, 28 C.F.R. § 17.2(d) cannot preclude review under the APA, because it is a regulation promulgated by DOJ, not a statute passed by

3

Congress. Allowing DOJ to preclude review of its own actions under regulations it writes would be contrary to the plain text of the APA and defeat its purpose. Neither of the cases relied upon by the FBI say otherwise, since they both involve statutory no-review provisions, not regulatory provisions. In *Amgen Inc. v. Smith*, judicial review was precluded under 42 U.S.C. § 1395*l*(t)(12)(A). 357 F.3d 103, 118 (D.C. Cir. 2004). In *DCH Reg'l Med. Ctr. v. Azar*, judicial review was precluded under 42 U.S.C. § 1395ww(r)(3). 925 F.3d 503, 510 (D.C. Cir. 2019). There is no basis to believe Congress allowed agencies to exempt themselves from APA review through no-review provisions they inserted into their own regulations.

Executive orders issued by a President are treated differently than agency regulations under the APA because the President is not subject to it. The Supreme Court has held that "[a]s the APA does not expressly allow review of the President's actions, we must presume that his actions are not subject to its requirements." *Franklin v. Mass.*, 505 U.S. 788, 801 (1992). Therefore, a President may possibly withhold their orders from judicial review under the APA when agencies cannot.

Tilley does not dispute that the FBI employment agreement provides no basis for review under the APA.

Dated: April 29, 2026

Respectfully Submitted,

*/s/ Michael S. Zummer*
Michael S. Zummer
(Bar ID LA0013/La. Bar No. 31375)
2337 Magazine St. Unit D
New Orleans, LA 70130
Telephone: (504) 717-5913
E-mail: afbilitigation@gmail.com
*Counsel for Plaintiff*

4